UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JENNY CANOTAL, et al.,<br><br>        Defendants. | Case No.  19-cv-07440-VC<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 56 |

      Prudential Insurance filed this interpleader action to resolve which claimants are entitled (and in what amount) to the death benefits of two insurance policies issued to Thomas Canotal. Complaint ¶¶ 14, 18, Dkt. No. 1. The complaint alleges the existence of a dispute over the validity of certain beneficiary designations. ¶ 33. The policies are worth approximately $40,000, and the adverse claimants satisfy the statutory requirement of minimal diversity. 28 U.S.C. § 1335; *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530–31 (1967).

      One named claimant, Express Funeral Funding, LLC, filed an answer, Dkt. No. 28, but has not appeared by counsel in violation of the Local Civil Rules and despite a court order to do so. Local R. 3-9(b); *see* Dkt. Nos. 29, 41. The Clerk entered default against Express Funeral, Dkt. No. 55, and Prudential Insurance filed a motion for default judgment three days later. Express Funeral has not filed an opposition or otherwise responded to the motion.

      Express Funeral's failure to appear by counsel is grounds for default judgment. Fed. R. Civ. P. 55(b)(2); *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam). The discretionary decision to enter default judgment is guided by "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the

sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The *Eitel* factors support the request for a default judgment discharging Prudential Insurance from any and all liability to Express Funeral relating to the insurance policies at issue in this action. Because Express Funeral has refused to appear by counsel, no decision on the merits is possible, and the adverse claims to these specific funds cannot be settled once and for all absent a judgment binding Express Funeral. *See Hartford Fire Insurance Co. v. United States*, 2013 WL 12097793, at *2–3 (D. Nev. Sept. 24, 2013). Nothing in the complaint indicates that Prudential Insurance initiated the interpleader action in bad faith or improperly designated Express Funeral as a claimant. *See Michelman v. Lincoln National Life Insurance Co.*, 685 F.3d 887, 894 (9th Cir. 2012); *see also New York Life Insurance Co. v. Connecticut Development Authority*, 700 F.2d 91, 95–96 (2d Cir. 1983). Nor is Express Funeral on the hook for damages calculated outside the crucible of the adversarial process. This default judgment forecloses only Express Funeral's claim to these funds and is therefore analogous to dismissal with prejudice for failure to prosecute. *Cf.* Fed. R. Civ. P. 41(b). Finally, a default judgment is necessary to adequately protect Prudential Insurance from multiple liability, a risk that would undermine "the purpose of interpleader, which is to prevent a stakeholder from having to pay two or more parties for one claim." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 872 (2008).

Default judgment is entered against Express Funeral, and Prudential Insurance is discharged from any claim that Express Funeral might have to the disputed funds.

**IT IS SO ORDERED.**

Dated: June 19, 2020

VINCE CHHABRIA
United States District Judge